IN THE MATTER OF THE APPEAL OF PUBLIC SERVICE
ELECTRIC AND GAS COMPANY FROM AN ASSESS-
MENT FOR BENEFITS LEVIED BY THE CITY OF CLIF-
TON UPON BLOCK 334, LOT 75, AND SEVEN OTHER
CASES.

Superior Court of New Jersey
Law Division

Decided March 30, 1950.

Mr. *Joseph V. Suter,* attorney for Public Service Electric & Gas Company.

Mr. *John R. Blanda,* attorney for Robert Thompson, Helen S. McCarthy, John and Ann Ousta and Madeline K. Fisher.

Mr. *Frank W. Shershin,* attorney for William Halicy, Charlotte Hallicy and Theresa Scanlon.

Mr. *John G. Dluhy,* attorney for the City of Clifton.

DAVIDSON, J. S. C. This is a consolidation of eight separate appeals from assessments levied by the City of Clifton for special benefits accruing to plaintiffs' properties under *N. J. S. A.* 40 :56–27, providing that:

"All assessments levied under this chapter for any local improvement shall in each case be as nearly as may be in proportion to and not in excess of the peculiar benefit, advantage or increase in value which the respective lots and parcels of real estate shall be deemed to receive by reason of such improvement."

There is no substantial dispute of fact. A sanitary sewer was installed in Mt. Prospect Avenue, a road which bisects an extremely steep hill, the slope thereof running down from north to south, and all plaintiffs' properties, with the exception of Public Service, abut on the southerly side of Mt. Prospect Avenue. All the properties, again with the exception of Public Service, are in a residential zone and have private residences erected thereon.

Public Service contends that its property received no peculiar benefit, advantage or increase in value by reason of the

sewer installation because they were already connected with a pre-existing sewer, of which the new sewer is merely an extension, the other plaintiffs all maintaining that no benefits accrued to their respective properties because the topography is such that they are below the sewer level and the facility cannot be used.

The only benefits for which an assessment may be made are those which are special and peculiar to the property assessed. The benefits must be present and not speculative. *Barkman v. Hackensack,* 114 *N. J. L.* 506; *N. J. R. R. & Trans. Co. v. Elizabeth,* 37 *Id.* 330; *Morris v. Bayonne,* 53 *Id.* 299. So the statute also provides, *R. S.* 40:56–27. *Twp. of Millburn v. Smith,* 9 *N. J. Misc.* 308.

The special benefits legalizing an assessment against property benefited by public improvement must be a present benefit representing the difference between the market value of the lands before the improvement and immediately thereafter, *Overbridge Rlty. v. Hackensack,* 13 *N. J. Misc.* 702, and the benefits must accrue without necessity for the construction of additional facilities, *Re: Twp. of North Bergen,* 10 *N. J. Misc.* 935. The benefit which will justify such an assessment must be a present, appreciable benefit and when an assessment on property is certified to have been imposed for benefits, it will be presumed that the property has been in some mode benefited, and the presumption can only be overcome by clear and cogent proof. *Morris v. Bayonne, supra; Ringer v. Paterson,* 98 *N. J. L.* 455; *Gorab v. Borough of Wood-Ridge,* 133 *N. J. L.* 162.

Applying the settled law to the factual situation in each appeal presents no great difficulty. The Public Service property has long been connected to a sanitary sewer, of which the new installation is merely an extension; the property contains a large building and the remainder is occupied by outdoor electrical apparatus, transformers, etc.; no present appreciable benefit accrued and no facility was furnished which the property did not previously enjoy, evidenced by the fact that no house connections were constructed in the

new sewer for the length of their property line. The assessment against the Public Service property, Lot 75 in Block 334, must be set aside.

The building on property of Madeline K. Fisher is above the sewer line and has access thereto; the lands are benefited and the appeal as to Lot 20A in Block 253 is dismissed.

The building on the larger property of William Hallicy is 30 or 40 feet below the level of the sewer and the land has received no present benefit, the City tacitly recognizing the situation by its failure to even install a house connection in front of the premises, and the assessment against Lot 20 in Block 253 must be set aside.

The other plot owned by Mr. Hallicy is vacant land and has a frontage on Mt. Prospect Avenue of 48.81 feet. The land is benefited by reason of the fact that a building properly constructed may use the sewer facility, and the assessment against Lot 22 in Block 253 will be sustained in the sum of $149.45 for the sanitary sewer, plus $70 for house connection, making a total of $219.45.

The cellar of the house on the Theresa Scanlon property is below the sewer level, but it is located at one corner of a large plot and there is no reason why another building may not be erected, so that one-half of the property would be benefited by the sewer installation. The sanitary sewer assessment against Lot 15 in Block 253 will therefore be reduced to $306.20, plus $70 for house connection, making a total of $376.20.

The properties of the remaining plaintiffs all fall in the same category. The basements are below the sewer level and the facility may not be used without additional equipment, the testimony disclosing that either an electric pump or an ejector pump would be necessary, the former entailing considerable expense for installation and maintenance, and the latter effective for liquid waste only.

The contention of the City appears to be that a sewer connection might be extended from the first floor of the several

buildings, but this is entirely impractical and wholly without merit. Actually, the lands have received no benefit, but have been depreciated in value by reason of the installation of a facility which cannot be used by the owners but is readily available to owners on the opposite side of the street.

The assessments against Robert Thompson for Lot 25A in Block 253, Helen S. McCarthy for Lot 22A in Block 253, John and Ann Ousta for Lot 25B in Block 253, and Charlotte M. Hallicy for Lot 22B in Block 253 must be set aside.